UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAMZA ALAWNA,**

    Plaintiff,

v.                          Case No.

**TAMPA SUPER STOP, LLC,**
**and IRAQ MANAF, an individual,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HAMZA ALAWNA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, TAMPA SUPER STOP LLC, and IRAQ MANAF, in his individual capacity (collectively "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, and for declaratory relief, under the Fair Labor Standards Act ("FLSA") and state common law for unpaid wages.

2. Venue lies within the Middle District of Florida because the events giving rise to this claim arose in this Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant TAMPA SUPER STOP, LLC ("TAMPA SUPER STOP") is a Florida limited liability company who operates business in the State of Florida, including Tampa.

5. Defendant IRAQ MANAF ("MANAF") is the owner and operator of Defendant TAMPA SUPER STOP.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

10. Defendant MANAF is the owner of Defendant TAMPA SUPER STOP.

11. As part of his duties, Defendant MANAF exercised complete control over the wages and hours of Plaintiff. He also controlled the payroll practices of Defendant TAMPA SUPER STOP.

12. Through the exercise of dominion and control over all employee-related matters at TAMPA SUPER STOP, in his individual capacity, Defendant MANAF is an "employer" within the meaning of the FLSA.

13. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

16. Defendants continue to be "employers" within the meaning of the FLSA.

17. At all times material hereto, Defendants were and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA.

18. At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19. Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendants; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

20. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

21. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

## FACTS

22. Plaintiff worked for Defendants from on or around January 24, 2018 until on or about January 24, 2022.

23. At all times material hereto, Plaintiff worked more than 40 hours/week and was not compensated in accordance with the FLSA for his overtime work. Plaintiff should have been compensated at the rate of one and one-half times his regular rates for those hours that Plaintiff worked in excess of 40 hours per week as required by the FLSA.

24. Additionally, Plaintiff did not receive the minimum wage required by the FLSA.

25. Plaintiff worked hours and did not receive at least minimum wage for all hours worked, depriving him of his legal rights, guaranteed by the FLSA, to be paid at least minimum wage for all hours worked.

26. Defendants failed to pay Plaintiff all wages owed to Plaintiff, including his overtime premium for hours he worked.

27. As a result of Defendants' failure to properly pay Plaintiff all of his hours worked, Plaintiff was denied overtime wages for all hours worked and failed to receive the appropriate wage under the applicable laws.

28. Plaintiff complained to Defendants about the unpaid wages he was owed, including overtime compensation.

29. Defendant retaliated against Plaintiff for his complaint by terminating his employment for engaging in protected activity under the FLSA.

30. Defendant effectively paid Plaintiff less than he had earned. In engaging in these unconscionable acts or practices, the Defendants repeatedly violated the FLSA.

31. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATIONS

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. During the statutory period, Plaintiff worked overtime hours while employed by Defendants and was not compensated for these hours in accordance with the FLSA.

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

 (a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate.

 (b) Judgment against Defendants that its violations of the FLSA were willful;

 (c) An equal amount to the overtime damages as liquidated damages;

 (d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

 (e) A declaration that Defendants' practices as to Plaintiff were unlawful and grant Plaintiff equitable relief;

 (f) All costs and attorney's fees incurred in prosecuting these claims; and

 (g) For such further relief as the Court deems just and equitable.

## COUNT II – FLSA RETALIATION

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

36. Plaintiff engaged in protected activity under the FLSA by complaining about his unpaid overtime.

37. Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating his employment.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

 (a) A jury trial on all issues so triable;

 (b) That process issue and that this Court take jurisdiction over the case;

 (c) Judgment against Defendants, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

 (d) Compensation for lost wages, benefits, and other remuneration;

    (e)    Compensatory damages, including emotional distress, allowable at law; and

    (f)    For such further relief as this Court deems just and equitable.

**COUNT III – FLSA MINIMUM WAGE VIOLATION**

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

41. During the statutory period, Plaintiff worked for Defendants, and he was not paid the applicable federal minimum wage for the hours that he worked, as mandated by the FLSA.

42. Defendants failed to compensate the Plaintiff at a rate that was at least equal to the applicable federal minimum wage.

43. This reckless practice violates the provisions of the FLSA. As a result, the Plaintiff is entitled to an amount equal to his unpaid minimum wages as liquidated damages.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45. Plaintiff was injured due to Defendants' violations of the FLSA.

46. As a result of the foregoing, the Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    (g)    A jury trial on all issues so triable;

    (h)    That process issue and that this Court take jurisdiction over the case;

    (i)    Judgment against Defendants, stating that Defendants are in direct violation of the FLSA;

    (j)    Compensation for lost wages, benefits, and other remuneration;

    (k)    Liquidated damages and compensatory damages, including emotional distress, allowable at law; and

    (l)    For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 23 day of June 2022.

                                            Respectfully submitted,

                                            */s/ Chad A. Justice*
                                            **CHAD A. JUSTICE**
                                            Florida Bar Number: 121559
                                            **JUSTICE FOR JUSTICE LLC**
                                            1205 N Franklin St.
                                            Tampa, Florida 33602
                                            Main No.: 813-566-0550
                                            Facsimile: 813-566-0770
                                            E-mail: chad@getjusticeforjustice.com
                                            **Attorney for Plaintiff**